J-S19012-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ZACKARY WILLIAM SABOLD | : | |
| | : | |
| Appellant | : | No. 1331 MDA 2022 |

Appeal from the Judgment of Sentence Entered August 9, 2022
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0003391-2021

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED AUGUST 28, 2023**

Appellant, Zackary William Sabold, appeals from the aggregate judgment of sentence of 4½ to 9 years' incarceration, followed by 3 years' probation, imposed after he was convicted by a jury of sexual assault (18 Pa.C.S. § 3124.1) and indecent assault (18 Pa.C.S. § 3126(a)(1)).  On appeal, Appellant seeks to challenge the sufficiency of the evidence to sustain his convictions.  Additionally, his counsel, Garrison J. Crow, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***, 386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Appellant was charged with the above-stated offenses, as well as involuntary deviate sexual intercourse (IDSI) (18 Pa.C.S. § 3123(a)(1)), and rape (18 Pa.C.S. § 3121(a)(1)).  He was tried before a jury from April 11,

2022, through April 13, 2022. Attorney Crow summarized the evidence

presented at Appellant's trial, as follows:

[Appellant's] trial was held on April 11-13, 2022. The Complainant testified at length regarding her sexual encounters with [Appellant]. The two had lived together as a couple in various locations throughout Maryland and Pennsylvania since 2017 and had multiple children together. In Pennsylvania, the pair had lived in Dallastown, then Red Lion, and then Dallastown again between 2018 and 2019.

The Complainant testified that [Appellant] had non-consensual sex with her on June 7, 2019, while they were living in Red Lion. Specifically, she testified [that Appellant] took her pants off and inserted his penis into her vagina despite [her] telling him that she did not want to have sex. She also stated that he rubbed her vagina with his hands and penis and groped her breasts under her shirt during this incident. She stayed in a relationship with [Appellant] afterwards and did not immediately tell anyone in the aftermath of the incident.

She also stated there was another incident, while they lived … in Dallastown, during which [Appellant] had non-consensual anal sex with her. This seems to have occurred in early December of 2020, based on text messages she sent to a friend shortly after the incident. The Complainant testified she was lying on her stomach looking at her phone when he climbed on top of her and pressed his erection, with his clothes on, into her buttocks. He asked her if he could remove her pants, she said no, and he took [off] her pants and underwear anyway. He then…, despite her saying no [to] sex, put his penis into her anus. She testified she could not get up because he was pressing down on her. The couple stayed in a relationship after this incident as well. She stated that she told one friend … about the incident via text message.

The Complainant also testified to a third incident, on December 12, 2020, of which she made an audio recording while it was occurring. During this incident, the Complainant testified [Appellant] took off her pants and underwear and would not let her put them back on. He was also touching her breasts and vagina during this incident. The contact with her breasts and vagina was under her clothes and on her skin. She repeatedly told him to stop. The two did not have sex at that time. The

Complainant testified [that Appellant] got angry and left the room. The Complainant, at 1:00 a.m., went for a drive. While driving[,] she spoke to her mother. She returned home around 5:00 a.m.[,] while [Appellant] and her children were asleep. She went to sleep in the same bed as [Appellant]. When she woke up[, Appellant] was at work and she then took the children and went to her parents['] house because she was afraid he would take the children and force her out of the house when he returned home. Commonwealth exhibit 1B is the transcript of the audio recording of the incident[,] and the Complainant stated she did not want sexual contact several times. The Complainant testified that she sent a copy [of] this video to her mother via email.

The Complainant's close friend, Elizabeth Giro, testified the Complainant seemed depressed, withdrawn, and scared, when she moved back into her parents' house.

Licensed clinical social worker Alyssa Ott testified that the Complainant's delayed disclosure was consistent with that of someone who had recently experienced sexual trauma.

Officer Robert Miller testified to what he saw on[]December 12, 2020, the night he received a dispatch to the Sabold household, after [Appellant] reported the Complainant took their children to her parents' house. He stated that [Appellant] was angry and the Complainant seemed timid and scared. He stated that while he was trying to sort out the situation[,] the Complainant told him she had left because of "ongoing sexual assault." The officer stated that [Appellant] told [the officer] that he had deleted a video prior to the officer['s] arriving on the scene. The video had evidence of sexual assault in it. The officer recovered the video from the Complainant's email[,] as she had previously sent it to her mother.

The jury acquitted [Appellant] of Counts 1 and 2, [IDSI] and rape by forcible compulsion…. The jury convicted him of sexual assault and indecent assault.

*Anders* Brief at 5-8 (citations to the record omitted).

Appellant was sentenced on August 9, 2022, to the aggregate term set forth *supra*. He filed a timely, post-sentence motion, which the court denied. Appellant then filed a timely notice of appeal, and the trial court subsequently

ordered him to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. In response, Attorney Crow filed a Pa.R.A.P. 1925(c)(4) statement of his intent to file a petition to withdraw and an ***Anders*** brief with this Court. On October 21, 2022, the court filed a Rule 1925(a) statement indicating that, in light of Attorney Crow's intent to file an ***Anders*** brief, it was relying on the record to support Appellant's judgment of sentence.

On March 6, 2023, Attorney Crow filed with this Court a petition to withdraw, as well as an ***Anders*** brief discussing the following two issues that Appellant seeks to raise on appeal:

> I. Whether there was sufficient evidence to establish [Appellant] committed sexual assault?
>
> II. Whether there was sufficient evidence to establish [Appellant] committed indecent assault?

***Anders*** Brief at 4.

Attorney Crow concludes that these issues are frivolous, and that Appellant has no other, non-frivolous issues he could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. ***Commonwealth v. Goodwin***, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under ***Anders***, counsel must file a brief that meets the requirements established by our Supreme Court in ***Santiago***. The brief must:
>
> > (1) provide a summary of the procedural history and facts, with citations to the record;
> >
> > (2) refer to anything in the record that counsel believes arguably supports the appeal;

- 4 -

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan,*** 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Crow's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination and supports his rationale with citations to the record and pertinent legal authority. Attorney Crow also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief. Additionally,

he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in **Nischan**. Accordingly, counsel has complied with the technical requirements for withdrawal.

We will now independently review the record to determine if the sufficiency issues set forth by Attorney Crow are frivolous. Additionally, we will review three issues set forth in a *pro se* response to counsel's **Anders** brief that Appellant filed on May 4, 2023. We summarize Appellant's *pro se* issues, as follows:

> I. Did the jury fail to follow the instructions provided by the trial court?
>
> II. Did Attorney Crow act ineffectively by filing an inadequate Rule 1925(b) statement that failed to identify the specific element(s) of the crimes that the Commonwealth failed to prove with sufficient evidence?
>
> III. Did the Commonwealth knowingly present false testimony at trial?

Appellant's *Pro Se* Brief at 1, 3 (unnumbered).

To begin, we note our standard of review of a challenge to the sufficiency of the evidence:

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. **Commonwealth v. Moreno**, 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. **Commonwealth v. Hartzell**, 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. **Moreno, supra** at 136.

- 6 -

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Here, Appellant seeks to challenge the sufficiency of the evidence to sustain his convictions of sexual assault and indecent assault. As Attorney Crow points out, this Court has previously explained:

> The Crimes Code defines [s]exual [a]ssault as occurring when the defendant "engages in sexual intercourse or deviate sexual intercourse with a complainant without the complainant's consent." 18 Pa.C.S. § 3124.1. The Crimes Code similarly defines [i]ndecent [a]ssault as occurring when the defendant, without the consent of the complainant, "has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire." 18 Pa.C.S. § 3126(a)(1).
>
> It is well established that "resistance to sexual assault is not required to sustain a conviction." *Commonwealth v. Smith*, 863 A.2d 1172, 1176 (Pa. Super. 2004). Furthermore, the uncorroborated testimony of the complaining witness is sufficient to convict a defendant of sexual offenses. *Commonwealth v. Castelhun*, 889 A.2d 1228, 1232 (Pa. Super. 2005) (citation omitted).

*Commonwealth v. Cramer*, 195 A.3d 594, 602 (Pa. Super. 2018).

Attorney Crow explains his conclusion that the evidence was sufficient to support Appellant's conviction of sexual assault, as follows:

> In the case at hand, the Complainant offered uncontradicted testimony that on two occasions [Appellant] engaged in sexual intercourse with her without her consent. During the first instance, on June 7, 2019, she testified that he put his penis into her vagina without her consent. During the second instance, in early December of 2020, she testified that [Appellant] put his penis in her anus without her consent. Anal sex is included under the statutory definition of sexual intercourse. *See* 18 Pa.C.S.[] § 3101. While counsel had considered arguing the Complainant's uncorroborated testimony alone should not be sufficient to sustain [Appellant's] conviction, it is well[-]settled that such evidence is

sufficient to sustain a conviction. … ***Castelhun***, 889 A.2d [at] 1232….

Therefore, counsel concluded an appeal on this issue would be frivolous[,] where the record demonstrated enough uncontradicted evidence to establish [Appellant] engaged in sexual intercourse with the Complainant without her consent.

***Anders*** Brief at 13-14 (citations to the record omitted).

After reviewing the record in this case, we agree with Attorney Crow that the victim's testimony was sufficient to prove that Appellant engaged in sexual intercourse with her on two separate occasions without her consent. Thus, Appellant's challenge to the sufficiency of the evidence to sustain his sexual assault conviction is frivolous.

Attorney Crow also concludes that the evidence sufficiently proved that Appellant committed indecent assault, explaining:

In the case at hand, the Complainant testified that she was groped by [Appellant] on her breast and vagina area numerous times one night[,] despite repeatedly telling him she did [not] want such contact. She also recorded the incident and can be heard saying no to his repeated advances dozens of times. Counsel had considered arguing the Commonwealth failed to provide sufficient evidence of intent to induce sexual arousal, as required by the statute. However, Commonwealth's exhibit 1B, a transcript of the recording made by the Complainant[,] which captured her encounter with [Appellant], clearly demonstrates he repeatedly asked her to make another child with him during this incident. Making a child requires sexual arousal, which satisfies this element of the statute. Additionally, this Court has held that certain actions in themselves may be sufficient evidence of an intent to induce sexual arousal. In ***Commonwealth v. Gilliam***, 249 A.3d 257 (Pa. Super. 2021), a massage therapist's conviction for indecent assault was upheld despite a lack of obvious evidence of intent to arouse. This Court held that act of touching could be a basis for inferring intent to induce sexual arousal in either [the defendant] or the victim. ***See Gilliam***, 249 A.3d at 268 ([stating that the] "touching of an intimate part of another person 'does not

occur outside of the context of a sexual or intimate situation[]'") (quoting **Commonwealth v. Evans**, 901 A.2d 528, 533 (Pa. Super. 2006)). The situation is similar to the case at hand[,] where the Complainant testified [Appellant] touched her breasts and vagina during this incident.

Counsel concluded the victim's uncontradicted testimony that she was groped during this event, along with the audio recording demonstrating both her denial of consent and [Appellant's] desire to have sex and make a child, rendered an appeal on sufficiency grounds frivolous with regard to the indecent assault conviction.

*Id.* at 15-16 (citations to the record omitted).

Again, we agree with counsel that the victim's testimony, and the audio recording of the assault by Appellant, were sufficient to prove each element of the crime of indecent assault. Therefore, Attorney Crow is correct that it would be frivolous to challenge the sufficiency of the evidence to sustain Appellant's indecent assault conviction.

We now move on to assessing the three *pro se* claims that Appellant raised in his response to counsel's **Anders** brief. First, Appellant contends that his due process rights were violated because the jury failed to follow the trial court's instructions. Specifically, Appellant maintains that the court instructed the jury that it could only find him guilty of sexual assault if it found him guilty of either IDSI, rape, or both, yet the jury acquitted him of those charges and convicted him of sexual assault. **See** Appellant's *Pro Se* Brief at 1 (unnumbered) (claiming the court instructed the jury "that they could not find [Appellant] guilty of [sexual assault] without at least finding him guilty of [IDSI] and [rape by forcible compulsion]"); *id.* at 2 (unnumbered) ("My due process rights have been violated because the [j]ury didn't follow the Judges

[*sic*] instructions when the Judge said you can't find him guilty of [sexual assault] without finding him guilty of [IDSI] or [rape]. But the [j]ury found me not guilty of [IDSI] and [rape], so I should not have been found guilty of [sexual assault].").

Initially, Appellant fails to cite to where in the record the court purportedly provided this jury instruction, and we do not see any such language in our review of the record. **See**, **e.g.**, N.T. Trial, 4/11/22-4/13/22, at 299-307 (trial court's instructing the jury on the elements of IDSI, rape, and sexual assault). The Rules of Appellate Procedure provide that, "[i]f reference is made to the pleadings, evidence, **charge**, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears…. Pa.R.A.P. 2119(c) (emphasis added). Because Appellant has not pointed us to where the court allegedly provided the instruction that he now contends the jury failed to follow, we conclude that his first *pro se* claim is frivolous.[1]

_____

[1] We also note that there is no arguable merit to a claim that the jury could not have convicted Appellant of sexual assault because it acquitted him of IDSI and rape by forcible compulsion, as the elements of those offenses are distinct. **See** 18 Pa.C.S. § 3123(a)(1) (stating that a person commits IDSI "when the person engages in deviate sexual intercourse with a complainant: (1) by forcible compulsion[.]"); 18 Pa.C.S. § 3121(a)(1) (stating that a person commits rape by forcible compulsion "when the person engages in sexual intercourse with a complainant: (1) By forcible compulsion."); 18 Pa.C.S. § 3124.1 (stating that a person commits sexual assault "when that person engages in sexual intercourse or deviate sexual intercourse with a complainant
*(Footnote Continued Next Page)*

Second, Appellant argues, in a single sentence, that his "appeal [a]ttorney made a poor attempt to file a [Rule] 1925([b]) since said [a]ttorney disregarded [Rule] 1925([b]) by not identifying the specific element of the crime that he alleges had insufficient evidence to convict." Appellant's *Pro Se* Brief at 3 (unnumbered). As Appellant's counsel filed a Rule 1925(c)(4) statement indicating his intent to file an **Anders** brief, Appellant's challenge to the adequacy of counsel's purported Rule 1925(b) statement is frivolous.

Finally, Appellant states that his "third arguable merit claim is: the [District Attorney] knowingly used false testimony at trial[,] which violated [his] due process" rights. **Id.** (unnumbered). Appellant's single-sentence argument, which fails to identify what testimony was purportedly false, is wholly inadequate to demonstrate that this claim has arguable merit.

Accordingly, we deem frivolous Appellant's two challenges to the sufficiency of the evidence set forth by Attorney Crow, as well as the three *pro se* claims he seeks to raise herein. Additionally, our review of the record

---

without the complainant's consent."). Here, the jury's verdict suggests that it found Appellant had engaged in sexual intercourse with the victim without her consent, but not by forcible compulsion, thereby establishing the crime of sexual assault, but not the offenses of IDSI or rape by forcible compulsion. Thus, there is nothing inconsistent in the jury's verdict. Nevertheless, we also note that it is well-settled that "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and … even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal." **Commonwealth v. Miller**, 35 A.3d 1206, 1213 (Pa. 2012).

reveals no other, non-frivolous issues he could pursue on appeal.  Therefore, we affirm his judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed.  Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/28/2023